# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

**JON MILLS, ADC #86911**                                                              **PLAINTIFF**

**v.**                                           **4:07CV00044 SWW**

**DOES**                                                                                **DEFENDANTS**

## MEMORANDUM AND ORDER

### Introduction

Plaintiff, a state inmate proceeding pro se, seeks relief in a civil rights action under 42 U.S.C. § 1983 (#2), and has requested leave to proceed in forma pauperis under 28 U.S.C. § 1915 (#1). For the following reasons, Plaintiff's Complaint (#2) is dismissed with prejudice, and his request for leave to proceed in forma pauperis (#1) is denied.

### Allegations of the Complaint

Plaintiff names the Governor of Arkansas, the Mayor of Benton, Arkansas, the "Saline County, County Judge," Phillip H. Shirron, Dan Harmon, Richard Garrett, Tamara Jane Pelton, and the Benton Police Department CID Division as Defendants in his Complaint demanding injunctive relief as well as compensatory and punitive damages. Plaintiff also mentions Larry Norris, Director of the Arkansas Department of Correction ("ADC"), in regard to a potential claim for denial of access to parole hearing documents. However, Plaintiff states that he has not filed any grievances or attempted to exhaust his administrative remedies on this potential claim because his current claims are not against ADC employees.

Construing Plaintiff's complaint liberally, Plaintiff attempts to allege violations of his Due Process and Equal Protection rights through the following conduct: (1) criminal conspiracy and criminal deprivation of rights under 18 U.S.C. §§ 241 and 242; (2) denial of power-of-attorney given to Plaintiff so that Plaintiff could represent two inmates in their cases; (3) retaliation for filing lawsuits; (4) abuse of process in connection with filing false criminal charges against Plaintiff; (5) denial of parole revocation documents regarding a parole hearing on April 13, 1994; (6) insufficiency of evidence required to convict Plaintiff of rape; (7) failure of public officials to uphold their oaths of office; (8) denial of a "prompt first appearance" for 6000 days; (9) reckless indifference, bias and deceit by the named Defendants and unnamed Justices of the Arkansas Supreme Court; (10) conspiracy against taxpayers to overcrowd prisons; and (11) failure to uphold the law.

The Complaint must be dismissed as frivolous. Plaintiff attempts to sue parties for damages who are immune from such suits; he improperly attempts to sue parties who are not state actors under 42 U.S.C. § 1983; he attacks the validity of his state convictions even though the conviction has not been invalidated; he fails to state a claim for relief; and he lacks standing to sue on behalf of others not named as plaintiffs. Furthermore, most of the allegations contained in this Complaint have already been dismissed for failure to state a claim in a previous lawsuit, *Mills v. Saline County, et al.*, Case No. 4:05CV475-SWW, thus precluding Plaintiff's attempt to proceed in forma pauperis in this lawsuit.

## Background

Plaintiff, using variations of his name, has been involved in the filing of twenty separate lawsuits in this district.[1] None of Plaintiff's previous filings have resulted in a successful outcome for him. The vague and conclusory allegations involved in the present case are strikingly similar to at least two previous filings by Plaintiff, one a §1983 claim[2] and the other a habeas petition.[3] Plaintiff does not deny this fact, and openly admits that he has begun other lawsuits dealing with the same set of operative facts involved in this action, lawsuits that he contends were "dismissed wrongly."

## Discussion

The Court is required to screen prisoner complaints seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A. On review, the court shall dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). When an inmate seeks to proceed in forma pauperis, the Prison Litigation Reform Act (PLRA),

---

[1] See Eastern District of Arkansas Case Nos. 5:87CV00517; 5:88CV00311; 5:89CV00360; 5:89CV00449; 5:89CV00493; 5:90CV00023; 5:90CV00309; 5:94CV00721; 4:94CV00768; 5:94CV00789; 5:95CV00316; 5:96CV00567; 5:97CV00476; 4:01CV00406; 5:04CV00397; 2:05CV00046; 5:05CV00304; 4:05CV00475; 5:06CV00069; and 4:07CV00044.

[2] *Mills v. Saline County, et al.*, 4:05CV00475 (E.D. Ark. April 29, 2005) aff'd, *Mills v. Saline County, et al.*, 05-2770 (8th Cir. December 23, 2005) (unpublished).

[3] *Mills v. Norris*, 5:04CV00397 (E.D. Ark. November 8, 2004) (dismissed as a successive petition to *Mills v. Norris*, 5:97CV00476 (E.D. Ark. April 7, 2000).

3

28 U.S.C. § 1915(g), requires the Court to review the inmate's previous filing to determine if Plaintiff is eligible to proceed in forma pauperis. Section 1915(g) of the PLRA states:

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three (3) or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

As noted, Plaintiff has a long history of unsuccessful filings in this district. Yet based on guidance provided in *Mills v. White, et. al.*, 182 Fed.Appx. 615, 2006 WL 1458312 (8th Cir. 2006) (unpublished), Plaintiff has not reached the "three strike" threshold that would preclude his ability to qualify for in forma pauperis status.

**A.    Due Process and Equal Protection**

To prevail on a Due Process claim, Plaintiff must show that he improperly was deprived of life, liberty or property by government action. *Phillips v. Norris*, 320 F.3d 844, 846 (8th Cir. 2003). Based on Plaintiff's allegations, the only cognizable deprivation is a potential liberty interest. An inmate's liberty interests are limited to freedom from restraint which imposes an atypical and significant hardship in relation to the ordinary incidents of prison life. *Sandin v. Conner*, 515 U.S. 472, 484, 115 S.Ct. 2293, 2300 (1995).

Plaintiff alleges that the named public officials failed to follow the law and failed to uphold their oaths of office. Construing Plaintiff's complaint liberally, Plaintiff's

4

numerous allegations stem from this alleged failure to follow the law.  These allegations do not state a claim for relief because there is no federal Constitutional liberty interest in having state officials follow state law.  *Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996).  Thus, the Complaint contains no Due Process claims upon which this Court can grant relief.

Nor does the Plaintiff state a claim under the Equal Protection Clause of the United States Constitution.  An inmate bringing an Equal Protection claim must show intentional or purposeful discrimination.  *Klinger v. Dept. of Corr.*, 31 F.3d 727, 733 (8th Cir. 1994).  "The heart of an Equal Protection claim is that similarly situated classes of inmates are treated differently, and that this difference in treatment bears no rational relation to any legitimate penal interest."  *Weiler v. Purkett*, 137 F.3d 1047, 1051 (8th Cir. 1998) (citing *Timm v. Gunter*, 917 F.3d 1093, 1103 (8th Cir. 1990)).  An Equal Protection analysis begins by asking whether the inmate has shown that he has been treated differently than others similarly situated.  *Rouse v. Benson*, 193 F.3d 936, 942 (8th Cir. 1999).

Plaintiff, a Caucasian male, has not identified any discriminatory classification system that the Defendants have imposed.  He has not alleged the existence of any law, policy or act that has had a discriminatory effect on him or similarly situated inmates. Plaintiff also has failed to allege that he was treated in a manner that is different from other similarly situated inmates.  Thus, he fails to state an Equal Protection claim.

**B.  Claims Against Immune Defendants**

Plaintiff cannot bring the current action against any of the Defendants whether named specifically or by reference to their titles or positions.  In this case, the Defendants who are state actors are immune from suit, and other named Defendants are not state actors so as to be subject to suit under 42 U.S.C. § 1983.

The Governor of Arkansas and the Mayor of Benton, Arkansas, are public officials given qualified immunity when exercising their discretion in carrying out their executive duties.  *Walden v. Carmack*, 156 F.3d 861 (8th Cir. 1998).  Plaintiff alleges, in vague terms, that the Governor and the Mayor failed to perform their official responsibilities.  The Governor and Mayor are immune from this claim because it is based on their official conduct.  *Id.*

Defendants "Saline County, County Judge" and Phillip H. Shirron are both identified as judges involved in Plaintiff's criminal conviction.  Judges sued under § 1983 are immune from liability for damages for "judicial acts" they perform, as long as they do not act in "absence of all jurisdiction."  *Stump v. Sparkman*, 435 U.S. 349, 356-357, 98 S.Ct. 1099, 1104-1105 (1978).  Plaintiff was convicted of Rape and First Degree Sexual Abuse as a Habitual Child Sex Offender in Saline County, Arkansas.  Plaintiff alleges that he was at all times relevant to this matter a resident of Saline County, Arkansas.  Plaintiff does not allege that his crimes occurred outside of the jurisdiction of the Saline County Circuit Court.  Under Arkansas criminal law, the State is presumed to have jurisdiction over cases it entertains unless evidence is admitted that affirmatively shows that the court lacks jurisdiction.  *Graham v. State*, 34 Ark.App. 126, 806 S.W.2d 32 (1991) (citing Ark.

6

Code Ann. § 5-1-111(b)). Plaintiff cannot show that the judges acted without jurisdiction; therefore, they are immune from Plaintiff's claims under § 1983.

Dan Harmon and Richard Garrett are identified as prosecutors involved in Plaintiff's conviction. "Prosecutors are entitled to absolute immunity for their conduct in initiating a prosecution and in presenting the State's case, insofar as that conduct is intimately associated with the judicial phase of the criminal process." *Patterson v. Von Riesen*, 999 F.2d 1235, 1237 (8th Cir. 1993). Plaintiff alleges that these individuals engaged in a conspiracy with Tamara Jane Pelton to deceive taxpayers of Arkansas by overcrowding the state prison system. This unsupported, frivolous allegation fails to state a cognizable claim against Harmon, Garrett, or Pelton. Harmon and Garrett are immune regarding their prosecutorial conduct, and Tamara Jane Pelton, a witness in Plaintiff's criminal trial, is not a state actor within the meaning of 42 U.S.C. § 1983.

The Benton Police Department, CID Division, another named Defendant, is not considered a "person" under 42 U.S.C. § 1983. See *Ketchum v. City of West Memphis*, 974 F.2d 81 (8th Cir. 1992) (holding that the West Memphis Police Department and Paramedic Services are departments or subdivisions of the City government and not separate entities that are subject to suit). Therefore, any allegation against the Benton Police Department CID Division fails to state a claim against a defendant that is subject to suit. In addition, the allegations against these Defendants relate to Plaintiff's alleged wrongful conviction. As discussed more fully below, such a claim cannot be brought under 42 U.S.C. § 1983 in a case such as this where the Plaintiff's conviction has not

been invalidated or overturned. See *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364(1994).

Plaintiff mentions Larry Norris, Director of the ADC, regarding parole hearing documents. He also states that he suffered "criminal retaliation" for filing previous lawsuits. Plaintiff does not provide any factual basis for these allegations. Moreover, Plaintiff makes clear in his Complaint that he does not intend to bring a cause of action based on retaliation or denial of legal materials against anyone employed by the ADC. Plaintiff's Complaint clearly states that this action is *not* against any ADC employees, presumably including ADC Director, Larry Norris. The Court will not construe Plaintiff's Complaint to include allegations that he did not intend for the Court to consider. Plaintiff cannot proceed against any of the Defendants for monetary relief.

C.     **Claim for Injunctive Relief**

Plaintiff's Complaint also requests injunctive relief to allow "his Constitutional Rights guaranteed to everyone." Plaintiff has not adequately alleged an actual or imminent injury. "The courts should not get involved unless either a constitutional violation has already occurred or the threat of such a violation is both real and immediate." *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982). This statement reflects basic constitutional standing requirements that an inmate must satisfy. *Smith v. Arkansas Dept. of Corr.*, 103 F.3d 637 (8th Cir. 1996). Because Plaintiff has not alleged a cognizable claim of injury to himself, his request for injunctive relief fails. Similarly, Plaintiff has not alleged any injury regarding his claims for monetary relief.

Plaintiff alleges that he has been denied the right to represent other inmates in their criminal cases. If Plaintiff's alleged denial of assistance in legal matters states a claim for denial of access to courts, this potential claim belongs to the unnamed inmates that Plaintiff refers to, not Plaintiff himself. See *Lewis v. Casey*, 518 U.S. 343, 351, 116 S.Ct. 2174, 2180 (1996). Plaintiff has no standing to bring this claim on behalf of other inmates.

D.     **Allegations Attacking Validity of Conviction**

The only allegations that Plaintiff presents from which the Court may reasonably infer injury are *Heck*-barred. See *Heck*, 512 U.S. at 486-487, 114 S.Ct. at 2372 (holding that claim for damages that necessarily implies invalidity of conviction or sentence is not cognizable under § 1983 until conviction or sentence has been invalidated). Plaintiff alleges that he was falsely charged, that he never received a "prompt first appearance," that the evidence used to convict him was legally insufficient, and that he is being denied a document that proves he should not be incarcerated. These allegations attack Plaintiff's conviction and incarceration, not the law or procedure applied to him, and are brought against immune Defendants. These allegations do not state a claim for a Due Process or Equal Protection violation under § 1983 and are *Heck*-barred, in any event.

E.     **Motion to Proceed In Forma Pauperis Barred**

Res Judicata precludes a party from relitigating the same cause of action. *Lundquist v. Rice Mem'l Hosp.*, 238 F.3d 975, 977 (8th Cir. 2001). This doctrine applies when the prior suit: (1) resulted in a final judgment on the merits; (2) was based on proper

jurisdiction; (3) involved the same cause of action; and (4) involved the same parties or their privies. *Lovell v. Mixon*, 719 F.2d 1373, 1376 (8th Cir. 1983). Generally, the pre-service dismissal of an action is not a judgment on the merits for purposes of barring the action. The same cannot be said for as to the issue of in forma pauperis status. Plaintiff's previous dismissal with prejudice, for failure to state a claim, precludes his ability to proceed in forma pauperis in this action. Res judicata applies to the in forma pauperis determination because that issue was decided in the previous case. See *Walker v. Groose*, 38 F.3d 1007, 1008 (8th Cir. 1994) (holding that previous dismissal for frivolousness has res judicata effect on frivolousness determinations for future in forma pauperis applications).

In *Mills v. Saline County, et al.*,[4] this Plaintiff Mills sued Saline County, the City of Benton, Joe Hardin, Phillip H. Shirron, Dan Harmon, Richard Garrett, Tamara Jane Pelton, and the Benton Police Department. Plaintiff admits that he brought his previous action based on the same facts as his present action. The parties are identical except for minor alterations. For example, in this action, instead of suing Saline County, the City of Benton, and the Benton Police Department, Plaintiff sued the "Saline County, County Judge," the Mayor of Benton, Arkansas, and the Benton Police Department CID Division. Plaintiff dropped Joe Hardin as a party and added the Governor of Arkansas, apparently for failing to keep a check on unnamed Justices of the Arkansas Supreme Court that

---

[4] 4:05CV00475 (E.D. Ark. April 29, 2005) summarily aff'd, *Mills v. Saline County, et al.*, 05-2770 (8th Cir. December 23, 2005) (unpublished).

Plaintiff accuses of "reckless indifference, bias and deceit." All of the other parties remain unchanged. That lawsuit was dismissed with prejudice. Thus, Plaintiff's application to proceed in forma pauperis, on the same set of facts and against the same Defendants, is barred by res judicata and must be denied.

## **CONCLUSION**

The Court finds that Plaintiff's Complaint should be, and hereby is, dismissed with prejudice. Plaintiff fails to state a claim for a Due Process or Equal Protection violation. The named and referenced Defendants are immune from the allegations presented. Further, Plaintiff has not alleged any injury that would allow him to bring a cause of action based on the allegations in the Complaint. Plaintiff's in forma pauperis application must be denied. In addition, the Court considers this dismissal a "strike" under 28 U.S.C. § 1915(g) of the PLRA. The Court certifies, under 28 U.S.C. § 1915(g)(a)(3), that an appeal taken from this Order would be frivolous and could not be taken in good faith.

IT IS, THEREFORE, ORDERED, that Plaintiff's complaint is DISMISSED with prejudice. A judgment shall accompany this Memorandum and Order.

DATED this 27th day of March, 2007.

/s/Susan Webber Wright

United States District Judge